UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eagle Investors, <br><br> Plaintiff, <br> vs. <br><br> Bank of America, N.A.; National Default Servicing Corporation; Mortgage Electronic Registration Systems, Inc.; and Francis Caso, <br><br> Defendants. | Case No.: 2:14-cv-00123-GMN-NJK <br><br> **ORDER** |

Defendant Bank of America, N.A. ("BANA"), removed the instant quiet title action from state court on January 23, 2014, along with a pending Motion for Preliminary Injunction filed by Plaintiff Eagle Investors. (*See* Notice of Removal, ECF No. 1.)  BANA filed a Response (ECF No. 5) and a Request for Judicial Notice (ECF No. 6) the same day, and Plaintiff did not file any timely reply or opposition.  Also pending before the Court is Plaintiff's Emergency *Ex Parte* Application for Temporary Restraining Order (ECF No. 15) and second Motion for Preliminary Injunction (ECF No. 16), to which BANA has filed a Response (ECF No. 18) in opposition.

**I. BACKGROUND**

Plaintiff is a corporation organized under the laws of the State of Nevada seeking declaratory and injunctive relief as to the property located at 1404 Bays Mountain Avenue, Las Vegas, Nevada 89166 ("the property"). (Compl., Ex. A to Notice of Removal, ECF No. 1-2.) As parties to this action, Plaintiff has named individual Defendant Francis Caso, and entity Defendants BANA, National Default Servicing Corporation ("NDSC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.*)

      **Deed of Trust.**  In 2008, Defendant Caso was named as title owner of the property under a Deed of Trust securing a $299,425.00 mortgage loan, naming IMortgage.com as mortgage lender and beneficiary, and Defendant MERS as beneficiary solely as nominee for the lender. (Ex. B to RJN, ECF No. 6-2.)

      **HOA Lien.**  On June 10, 2011, Northern Terrace Homeowners Association ("the HOA") recorded a Notice of Claim of Delinquent Assessment Lien pursuant to the Declaration of Covenants, Conditions and Restrictions ("CC&Rs"), stating that Defendant Caso was delinquent in his payment obligations under the CC&Rs. (Ex. C to RJN, ECF No. 6-3.)

      **Assignment.**  Later in June 2011, the beneficial interest in the Deed of Trust was assigned to "BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP" by MERS on behalf of IMortgage.com. (Assignment, Ex. D to RJN, ECF No. 6-4.)

      **Notice of Default under HOA Lien.**  On March 5, 2012, the HOA recorded a Notice of Default and Election to Sell under the June 2011 HOA Lien, stating $2,799.14 as the amount due as of March 2, 2012. (Ex. E to RJN, ECF No. 6-5.)

      **Substitution of Trustee.**  In December 2012, Defendant NDSC was substituted as Trustee by MERS on behalf of BANA, as named beneficiary. (Substitution of Trustee, Ex. F to RJN, ECF No. 6-6.)

      **Notice of Default under Deed of Trust.**  In September 2013, BANA recorded a Notice of Default and Election to Sell under the Deed of Trust, stating that Defendant Caso had defaulted on his mortgage payments. (Ex. G to RJN, ECF No. 6-7.)

      **Notice of Foreclosure Sale under HOA Lien.**  On November 21, 2013, the HOA recorded a Notice of Foreclosure Sale under the June 2011 Delinquent Assessment Lien, stating a sale date of December 19, 2013. (Ex. H to RJN, ECF No. 6-8.)

      **Certificate of Foreclosure Mediation Program.** On December 24, 2013, NDSC recorded a Certificate from the State of Nevada Foreclosure Mediation Program certifying that

1  the property was a non-applicable property, and that the beneficiary may proceed with the
2  foreclosure process. (Ex. I to RJN, ECF No. 6-9.)
3  **Notice of Trustee's Sale under Deed of Trust.** On December 24, 2013, NDSC
4  recorded a Notice of Trustee's Sale on behalf of BANA, stating a sale date of January 17, 2014.
5  (Ex. J to RJN, ECF No. 6-10.)
6  **HOA Trustee's Deed Upon Sale.** On December 30, 2013, the HOA recorded a
7  Trustee's Deed Upon Sale indicating that "all its right, title and interest in the property" was
8  sold to Plaintiff on December 19, 2013, for $18,000. (Ex. K to RJN, ECF No. 6-11.)
9  The following week, on January 6, 2013, Plaintiff filed the instant quiet title action in
10 state court, alleging that its purchase at the Trustee's Sale on December 19, 2013, extinguished
11 all mortgage encumbrances and interests of Defendants. (Compl., Ex. A to Notice of Removal,
12 ECF No. 1-2.)  Defendant Caso was served at his Florida address. (ECF No. 19.)
13 Plaintiff requests the relief of "an order from the Court quieting title to the Property in
14 favor of Plaintiff and extinguishing any interest Defendants may have therein." (*Id*. at 5:¶30.)
15 Plaintiff also claims that it "is entitled to a declaratory judgment from this Court finding that:
16 (1) Plaintiff is the owner of the Property; (2) Plaintiff's Deed is valid and enforceable; and (3)
17 Plaintiff's rights to the Property and interest in the Property are superior to any adverse interest
18 claimed by Defendants and are therefore extinguished." (*Id*. at ¶29.)
19 **II. LEGAL STANDARD**
20 Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the
21 Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary
22 injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).
23 A "court may issue a temporary restraining order without written or oral notice to the
24 adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint
25 clearly show that immediate and irreparable injury, loss, or damage will result to the movant

before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court

may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

### III. DISCUSSION

By statute, Nevada provides for actions that "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  With this action, Plaintiff seeks a determination of BANA's claim to a surviving interest in the property under the Deed of Trust, which is adverse to Plaintiff's claim of title.

The parties agree that BANA intends to sell the property at a foreclosure sale under the Deed of Trust on February 21, 2014. (ECF Nos. 13, 15.)  Plaintiff also submits a Declaration from its counsel in support of its motion for a temporary restraining order. (ECF No. 17.)  However, neither the Declaration nor the motion addresses Plaintiff's failure to timely respond to BANA's Response (ECF No. 5) to the original Motion for Preliminary Injunction.

There is no dispute that Plaintiff knew that its original Motion for Preliminary Injunction was still pending. (*See* ECF No. 1-5.)  Plaintiff was served with BANA's Response in opposition on January 23, 2014. (*See* ECF No. 5.)  And, with the instant motions Plaintiff shows that as of January 24, 2014, it knew the sale was rescheduled to February 21, 2014. (ECF Nos. 15, 16, 17.)  Plaintiff attaches a copy of email correspondence between its counsel and counsel for NDSC, in which NDSC's counsel indicates that "[t]he sale is set for 2/21/2014 and I am waiting to hear if it has been vacated." (Ex. 9 to Mot. TRO, ECF No. 15-9.)  However, Plaintiff failed to timely oppose BANA's Response (ECF No. 5), and instead filed the instant emergency motions more than a week after the reply deadline had elapsed.  Indeed, even after BANA filed a formal written Notice of its intent to sell the property, three days elapsed before Plaintiff filed the instant motions. (*See* Notice, ECF No. 13; Mot. TRO, ECF No. 15.)

In both its Response briefs, BANA argues primarily that Plaintiff cannot demonstrate

that it is likely to succeed on the merits. (ECF Nos. 5, 18.)  However, the Court need not reach these arguments because the Court agrees that even if Plaintiff can demonstrate a likelihood of success on the merits, Plaintiff has not shown that irreparable harm would result if an injunction is not issued.  Generally, the loss of rights to real property can be considered irreparable harm for the purpose of a preliminary injunction. *See, e.g.*, *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (analyzing irreparable harm under a separate preliminary injunction standard, pursuant to Nevada statute, Nev. Rev. Stat. § 33.010).  However, the sole fact that rights to real property are at issue is insufficient by itself to support a finding that any harm in the absence of preliminary injunctive relief would be irreparable and not compensable with monetary damages.  Here, the Court finds that the facts presented weigh against such a finding, and that Plaintiff has not shown that it is entitled to an injunction.

Plaintiff does not dispute that its purchase of the property was for investment purposes, and that no tenant currently occupies the property.  Plaintiff does not argue that BANA's foreclosure under the Deed of Trust would eradicate any rights to redemption, as Defendant Caso might be able to argue.  Plaintiff solely argues that permitting BANA to conduct a sale to another purchaser would further cloud Plaintiff's title to the property.  However, the Court finds these facts insufficient to support Plaintiff's argument that issuance of the injunction is necessary to prevent irreparable harm.  Indeed, the Court finds that Plaintiff's available remedies would change little in the event that BANA finds a purchaser its foreclosure sale.

For example, should a purchaser claim to acquire title at BANA's foreclosure sale, that purchaser would be on notice of and subject to the instant quiet title action, and upon motion to the Court, may be enjoined from taking actions constituting irreparable harm to the property.  Accordingly, unlike a situation where a party to a Deed of Trust requests an injunction of a foreclosure sale under a Deed of Trust, as in *Dixon*, here the harm to Plaintiff if no injunction is issued at this time could be limited to the necessity of adding an additional party to the instant

action. Also, as BANA notes, if Plaintiff claims lost business income from its inability to rent out the property, that harm is compensable with monetary damages.

For these reasons, the Court finds that Plaintiff has not met its burden to show that it is entitled to an injunction, and Plaintiff's Emergency Ex Parte Application for Temporary Restraining Order (ECF No. 15) will be denied. Furthermore, the Court finds no grounds to entertain additional arguments from Plaintiff as to its second Motion for Preliminary Injunction (ECF No. 16), because Plaintiff inexcusably failed to timely reply to BANA's arguments in opposition (*see* ECF No. 5) to its original Motion for Preliminary Injunction, and Plaintiff's second Motion for Preliminary Injunction (ECF No. 16) may be reasonably construed as an untimely reply to BANA's Response (ECF No. 5). Accordingly, for these reasons and the additional reasons discussed above, the Court finds that Plaintiff's original Motion for Preliminary Injunction filed in state court (*see* Ex. D to Notice of Removal, ECF No. 1-5) and Plaintiff's second Motion for Preliminary Injunction (ECF No. 16) should also be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Ex Parte Application for Temporary Restraining Order (ECF No. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's original Motion for Preliminary Injunction filed in state court (*see* Ex. D to Notice of Removal, ECF No. 1-5) and Plaintiff's second Motion for Preliminary Injunction (ECF No. 16) are **DENIED**.

**DATED** this 20th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court