UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eagle Investors,                                    )<br>                                                         )<br>            Plaintiff,                              )<br>    vs.                                              )<br>                                                         )<br> Bank of America, N.A., National Default             )<br> Servicing Corporation; Mortgage Electronic          )<br> Registration Systems; and Francis Caso,             )<br>                                                         )<br>            Defendants.                              )<br>                                                         ) | Case No.: 2:14-cv-00123-GMN-NJK<br><br>**ORDER** |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.    BACKGROUND**

In October 2006, Meritage Homes of Nevada, Inc., recorded a Supplemental Declaration of Covenants, Conditions & Restrictions and Reservation of Easements for Northern Terrace ("the Declaration") including provisions organizing a homeowners association ("the Northern Terrace HOA") pursuant to Chapter 116 of Nevada Revised Statutes. (*See* Ex. A to RJN, ECF No. 6-1.) The property at issue in this case is subject to the terms of the Declaration[1], and is located at 10404 Bays Mountain Avenue, Las Vegas, Nevada, 89166, APN #: 126-13-514-031. (Compl., 1:¶1, Ex. 3 to Notice of Removal, ECF No. 1-2.) In June 2008, Francis Caso bought the property with a mortgage loan secured by a Deed of Trust.[2] (Compl. at 3:¶¶16, 19.)

---

[1] The Declaration was recorded in Clark County as Book and Instrument No. 20061030-0004254. (*Id.*)
[2] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20080613-0003687. (Ex. B to RJN, ECF No. 6-2.)

1  Later, Mr. Caso failed to pay the assessments due under the Declaration, and the
2  Northern Terrace HOA recorded its lien for the delinquent amounts. (*See* Notice of Claim of
3  Delinquent Assessment Lien, Ex. C to RJN, ECF No. 6-3.)  Specifically, on June 10, 2011,
4  Assessment Management Services, as agent for the Northern Terrace HOA, recorded a Notice
5  of Delinquent Assessment Lien as Book and Instrument No. 20110610-0001426. (Ex. C to
6  RJN, ECF No. 6-3.)  And on March 5, 2012, Assessment Management Services, as agent for
7  the Northern Terrace HOA, recorded a Notice of Default and Election to Sell Under
8  Homeowners Association Lien as Book and Instrument No. 20120305-0000428. (Ex. E to RJN,
9  ECF No. 6-5.)

10  On September 16, 2013, National Default Servicing Corporation, as Trustee for Bank of
11  America, N.A. ("Bank of America"), recorded a Notice of Default and Election to Sell Under
12  Deed of Trust as Book and Instrument No. 20130916-0001011. (Ex. G to RJN, ECF No. 6-7.)

13  On November 21, 2013, Assessment Management Services, as agent for the Northern
14  Terrace HOA, recorded a Notice of Foreclosure Sale under a delinquent assessment lien
15  pursuant to Chapter 116 of Nevada Revised Statutes, stating a sale date of December 19, 2013.
16  (Ex. H to RJN, ECF No. 6-8.)

17  On December 19, 2013, "Terra West Collections Group LLC d/b/a Assessment
18  Management Services, as the duly appointed Trustee under" the June 2011 Notice of
19  Delinquent Assessment Lien, conducted the foreclosure sale. (*See* Trustee's Deed Upon Sale,
20  Ex. K to RJN, ECF No. 6-11.)

21  On December 24, 2013, National Default Servicing Corporation ("NDSC") recorded a
22  Certificate of Mediation for the Deed of Trust, indicating that the property was a non-applicable
23  property, and that the beneficiary may proceed with the foreclosure process. (Ex. I to RJN, ECF
24  No. 6-9.)  On the same day, NDSC recorded a Notice of Trustee's Sale under the Deed of
25  Trust, stating a sale date of January 17, 2014. (Ex. J to RJN, ECF No. 6-10.)

On December 30, 2013, Assessment Management Services, as agent for the Northern Terrace HOA, recorded a Trustee's Deed Upon Sale purporting to transfer title to the property to Eagle Investors, upon a bid of $18,000.00. (Ex. K to RJN.)

On January 6, 2014, Eagle Investors filed its Complaint in state court requesting declaratory relief and a court order quieting title in its favor, naming as Defendants Bank of America, NDSC, Mr. Caso, and Mortgage Electronic Registration Systems ("MERS"), and before serving Defendants, filed a motion for temporary restraining order that was granted by the state court on January 14, 2014. (Compl.; *see also* Exs. C-H, ECF Nos. 1-4 – 1-13.)

Defendants Bank of America and NDSC were served on January 15, 2014, and Defendant MERS was served on January 17, 2014. (*See* Exs. F-H, ECF Nos. 1-11 – 1-13.)

On January 23, 2014, Bank of America removed the action to this Court and filed its opposition to Eagle Investors' preliminary injunction motion, along with a Request for Judicial Notice. (ECF Nos. 1, 5, 6.) On February 5, 2014, Bank of America filed a Motion to Dismiss, and Eagle Investors filed an untimely opposition on February 24, 2014. (ECF Nos. 12, 23.)

The primary issue in dispute is whether Bank of America's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes.

In its Request for Judicial Notice ("RJN"), Bank of America provides copies of the following publicly recorded documents:

1. the Deed of Trust (Ex. B) naming IMORTGAGE.COM, INC., as beneficiary;
2. the Assignment (Ex. D) transferring the beneficial interest in the Deed of Trust to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP, as of June 24, 2011;
3. the Substitution of Trustee (Ex. F) naming NDSC as Trustee under the Deed

of Trust as of December 17, 2012;

4. the Notice of Default and Election to Sell Under Deed of Trust (Ex. G) recorded by NDSC as Trustee for Bank of America on September 16, 2013;

5. the Certificate of the State of Nevada Foreclosure Mediation Program (Ex. I) recorded on December 24, 2013, by NDSC for the Deed of Trust;

6. the Notice of Trustee's Sale under the Deed of Trust (Ex. J) recorded on December 24, 2013, by NDSC as Trustee for Bank of America;

7. the Notice of Claim of Delinquent Assessment Lien (Ex. C) recorded on June 10, 2011, by Assessment Management Services as agent for the Northern Terrace HOA;

8. the Notice of Default and Election to Sell Under Homeowners Association Lien (Ex. E) recorded by Assessment Management Services as agent for the Northern Terrace HOA on March 5, 2012;

9. the Notice of Foreclosure Sale under a Delinquent Assessment Lien (Ex. H) recorded on November 21, 2013, by Assessment Management Services as agent for the Northern Terrace HOA; and

10. the Trustee's Deed Upon Sale (Ex. K) for the December 19, 2013, sale conducted pursuant to the June 10, 2011, Notice of Delinquent Assessment Lien.

(ECF No. 6.)

## II.   LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.** The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
>   (1) The questions of law to be answered;
>   (2) A statement of all facts relevant to the questions certified;
>   (3) The nature of the controversy in which the questions arose;
>   (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>   (5) The names and addresses of counsel for the appellant and respondent; and
>   (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

### III.  DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).  However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[3] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added a new provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013", and provides:

---

[3] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009.  *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

> The association may not foreclose a lien by sale if:
> 
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
> 
> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Eagle Investors contends that Bank of America's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162. The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.

The Court has considered Bank of America's request to certify an additional question, as stated at the hearing and in the Status Report (ECF No. 26) submitted on March 4, 2014; however the Court declines to certify Bank of America's proposed additional question at this time. Accordingly, and as discussed at the hearing, the Court will certify the following question of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit when an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Eagle Investors is designated as the Appellant, and Bank of America, N.A., is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

| **Eagle Investors** | **Bank of America, N.A.** |
|---|---|
| Luis A. Ayon<br>Nevada Bar No. 9752<br>Email: laa@mgalaw.com | Abran E. Vigil<br>Nevada Bar No. 7548<br>Email: vigila@ballardspahr.com |
| Margaret E. Schmidt<br>Nevada Bar No. 12489<br>Email: mes@mgalaw.com | Matthew David Lamb<br>Nevada Bar No. 12991<br>Email: lambm@ballardspahr.com |
| Maier Gutierrez Ayon<br>400 South Seventh Street<br>Suite 400<br>Las Vegas, NV 89101<br>702-629-7900<br>Fax: 702-629-7925 | Ballard Spahr LLP<br>100 North City Parkway<br>Suite 1750<br>Las Vegas, NV 89106<br>702-471-7000<br>Fax: 702-471-7070 |

*See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this Order, in Plaintiff's Complaint (ECF No. 1-2), and in Bank of America's Request for Judicial Notice (ECF No. 6). *See* Nev. R. App. P. 5(c)(6).

1    **IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the
2 Clerk of the Nevada Supreme Court under the official seal of the United States District Court
3 for the District of Nevada. *See* Nev. R. App. P. 5(d).

4    **IT IS FURTHER ORDERED** that all other pending motions are **DENIED without**
5 **prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the
6 Nevada Supreme Court.

7    **IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months
8 thereafter, the parties shall submit a Joint Status Report, including a statement from Eagle
9 Investors affirming that all taxes, fees and maintenance fees are current and up to date.

10   **DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court