**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eagle Investors, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:14-cv-00123-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| Bank of America, N.A.; National Default | ) |
| Servicing Corporation; Mortgage Electronic | ) |
| Registration Systems, Inc.; and Francis Caso, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a quiet title action filed by Plaintiff Eagle Investors against Defendants Bank of America, N.A. ("BANA"); National Default Servicing Corporation ("NDSC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Francis Caso (collectively, "Defendants"). Pending before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 30), to which Defendant BANA has filed a Response (ECF No. 37), and Plaintiff has filed a Reply (ECF No. 40).

**I. BACKGROUND**

Plaintiff is a corporation organized under the laws of the State of Nevada seeking declaratory and injunctive relief as to the property located at 1404 Bays Mountain Avenue, Las Vegas, Nevada 89166 ("the property"). (Compl., Ex. A to Notice of Removal, ECF No. 1-2.)

**Deed of Trust.** In 2008, Defendant Caso was named as title owner of the property under a Deed of Trust securing a $299,425.00 mortgage loan, naming IMortgage.com as mortgage lender and beneficiary, and Defendant MERS as beneficiary solely as nominee for the lender. (Ex. B to RJN, ECF No. 6-2.)

**HOA Lien.** On June 10, 2011, Northern Terrace Homeowners Association ("the HOA") recorded a Notice of Claim of Delinquent Assessment Lien pursuant to the Declaration

of Covenants, Conditions and Restrictions ("CC&Rs"), stating that Defendant Caso was delinquent in his payment obligations under the CC&Rs. (Ex. C to RJN, ECF No. 6-3.)

**Assignment.** Later in June 2011, the beneficial interest in the Deed of Trust was assigned to "BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP" by MERS on behalf of IMortgage.com. (Assignment, Ex. D to RJN, ECF No. 6-4.)

**Notice of Default under HOA Lien.** On March 5, 2012, the HOA recorded a Notice of Default and Election to Sell under the June 2011 HOA Lien, stating $2,799.14 as the amount due as of March 2, 2012. (Ex. E to RJN, ECF No. 6-5.)

**Substitution of Trustee.** In December 2012, Defendant NDSC was substituted as Trustee by MERS on behalf of BANA, as named beneficiary. (Substitution of Trustee, Ex. F to RJN, ECF No. 6-6.)

**Notice of Default under Deed of Trust.** In September 2013, BANA recorded a Notice of Default and Election to Sell under the Deed of Trust, stating that Defendant Caso had defaulted on his mortgage payments. (Ex. G to RJN, ECF No. 6-7.)

**Notice of Foreclosure Sale under HOA Lien.** On November 21, 2013, the HOA recorded a Notice of Foreclosure Sale under the June 2011 Delinquent Assessment Lien, stating a sale date of December 19, 2013. (Ex. H to RJN, ECF No. 6-8.)

**Certificate of Foreclosure Mediation Program.** On December 24, 2013, NDSC recorded a Certificate from the State of Nevada Foreclosure Mediation Program certifying that the property was a non-applicable property, and that the beneficiary may proceed with the foreclosure process. (Ex. I to RJN, ECF No. 6-9.)

**Notice of Trustee's Sale under Deed of Trust.** On December 24, 2013, NDSC recorded a Notice of Trustee's Sale on behalf of BANA, stating a sale date of January 17, 2014. (Ex. J to RJN, ECF No. 6-10.)

**HOA Trustee's Deed Upon Sale.** On December 30, 2013, the HOA recorded a

1  Trustee's Deed Upon Sale indicating that "all its right, title and interest in the property" was
2  sold to Plaintiff on December 19, 2013, for $18,000. (Ex. K to RJN, ECF No. 6-11.)
3         The following week, on January 6, 2013, Plaintiff filed the instant quiet title action in
4  state court, alleging that its purchase at the Trustee's Sale on December 19, 2013, extinguished
5  all mortgage encumbrances and interests of Defendants. (Compl., Ex. A to Notice of Removal,
6  ECF No. 1-2.)  Defendant Caso was served at his Florida address. (ECF No. 19.)
7         Plaintiff requests the relief of "an order from the Court quieting title to the Property in
8  favor of Plaintiff and extinguishing any interest Defendants may have therein." (*Id*. at 5:¶30.)
9  Plaintiff also claims that it "is entitled to a declaratory judgment from this Court finding that:
10 (1) Plaintiff is the owner of the Property; (2) Plaintiff's Deed is valid and enforceable; and (3)
11 Plaintiff's rights to the Property and interest in the Property are superior to any adverse interest
12 claimed by Defendants and are therefore extinguished." (*Id*. at ¶29.)
13        On February 20, 2014, the Court denied Plaintiff's first Motion for Preliminary
14 Injunction. (Order, Feb. 20, 2014, ECF No. 21.)  The following day, the Court entered an Order
15 to Show Cause (ECF No. 22) and set a hearing to hear arguments as to whether the action
16 should be stayed pending certification of question to the Nevada Supreme Court.  At the
17 hearing on February 28, 2014, the Court stayed the action. (Mins. of Proceedings, ECF No. 25.)
18 Two weeks later, on March 13, 2014, Plaintiff filed an Emergency Motion to Life Stay (ECF
19 No. 27) and the instant Motion for Preliminary Injunction (ECF No. 30).  On March 17, 2014,
20 the Court entered its written Order memorializing its ruling from the February 28, 2014,
21 hearing. (ECF No. 32.)  Plaintiff filed its Notice of Appeal the same day. (ECF No. 33.)  On
22 March 18, 2014, the Court granted Plaintiff's Emergency Motion to Lift Stay (ECF No. 27) for
23 the purpose of considering the instant Motion for Preliminary Injunction (ECF No. 30), and
24 confirmed the response date. (Order, March 18, 2014, ECF No. 36.)  Plaintiff filed its Reply on
25 April 10, 2014. (ECF No. 40.)

## II. LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id.*


### III. DISCUSSION

The Court previously denied Plaintiff's first motion for a preliminary injunction, noting that Plaintiff had failed to provide sufficient factual grounds for the Court to find that a likelihood of irreparable harm existed.  Now, Plaintiff requests an injunction pending appeal of that Order, and in the alternative, Plaintiff requests leave to file a notice of lis pendens.

In its previous Order, the Court analyzed the irreparable harm factor as follows:

> Generally, the loss of rights to real property can be considered irreparable harm for the purpose of a preliminary injunction. *See, e.g.*, *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (analyzing irreparable harm under a separate preliminary injunction standard, pursuant to Nevada statute, Nev. Rev. Stat. § 33.010).  However, the sole fact that rights to real property are at issue is insufficient by itself to support a finding that any harm in the absence of preliminary injunctive relief would be irreparable and not compensable with monetary damages.  Here, the Court finds that the facts presented weigh against such a finding, and that Plaintiff has not shown that it is entitled to an injunction.
>
> Plaintiff does not dispute that its purchase of the property was for investment purposes, and that no tenant currently occupies the property.  Plaintiff does not argue that BANA's foreclosure under the Deed of Trust would eradicate any rights to redemption, as Defendant Caso might be able to argue.  Plaintiff solely argues that permitting BANA to conduct a sale to another purchaser would further cloud Plaintiff's title to the property.  However, the Court finds these facts insufficient to support Plaintiff's argument that issuance of the injunction is necessary to prevent irreparable harm.  Indeed, the Court finds that Plaintiff's available remedies would change little in the event that BANA finds a purchaser its foreclosure sale.
>
> For example, should a purchaser claim to acquire title at BANA's foreclosure sale, that purchaser would be on notice of and subject to the instant quiet title action, and upon motion to the Court, may be enjoined from taking actions constituting irreparable harm to the property. Accordingly, unlike a situation where a party to a Deed of Trust requests an injunction of a foreclosure sale under a Deed of Trust, as in Dixon, here the harm to Plaintiff if no injunction is issued at this time could be limited to the necessity of adding an additional party to the instant action. Also, as BANA notes, if Plaintiff claims lost business income from its inability to rent out the property, that harm is compensable with monetary damages.

(Order, Feb. 20, 2014, 6–7, ECF No. 21.)

Here, the Court finds that Plaintiff has not shown additional grounds for an injunction,

1  and has not provided additional factual allegations so as to justify a finding that irreparable
2  harm is likely.  As recognized by Defendant BANA, Plaintiff provides no factually analogous
3  case law that is binding on the Court to support its arguments.  Therefore, based on the facts
4  presented by Plaintiff, the Court finds no support for Plaintiff's argument that a finding of
5  irreparable harm is presumed where rights to real property are involved.  This is particularly
6  true because, if Plaintiff has not already done so, the Court finds good cause to grant Plaintiff
7  leave to file a notice of lis pendens.  Indeed, no Defendant appears to object to that request.
8  Where a notice of lis pendens is properly filed, all potential purchasers are on notice that title to
9  the property is already clouded and in dispute.  Therefore, the Court finds no likelihood of
10 irreparable harm should BANA elect to enforce its rights against Defendant Caso.  Adding
11 another party to this quiet title proceeding is unlikely to create irreparable harm, particularly
12 where the parties may bring a new motion requesting such additional relief may be necessary
13 upon changed circumstances.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 30) is **DENIED**.  Plaintiff's Motion for Leave to File Notice of Lis Pendens (ECF No. 30) is **GRANTED**.

**DATED** this __7__ day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court