UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eagle Investors, | ) |
| Plaintiff, | ) Case No.: 2:14-cv-0123-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| Bank of America, N.A., *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 67), filed by Cross-Defendant Northern Terrace Homeowners' Association ("Northern Terrace"). Cross-Claimant Bank of America, N.A. ("BANA") filed a Response, (ECF No. 74), and Northern Terrace replied, (ECF No. 76).

For the reasons set forth herein, the Motion will be granted.

I.   **BACKGROUND**

This case arises out of a dispute over the effects of Northern Terrace's foreclosure on a "super-priority" interest in real property pursuant to Nevada Revised Statutes § 116.3116. (Compl., ECF No. 1-2).

Specifically, this case centers upon interests held by the parties in real property located at 10404 Bays Mountain Avenue, Las Vegas, Nevada 89166 (the "Property"). (*Id.* ¶ 1). On June 12, 2008, Francis Caso obtained a loan in the amount of $299,425 that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. A to Answer, ECF No. 59).[1] The Deed of Trust was subsequently assigned to BANA on June 24, 2011. (Assignment, Ex. B to Answer).

---

[1] As matters of public record, the Court takes judicial notice of the documents attached to BANA's Answer. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

      On June 10, 2011, Terra West Collections Group, LLC ("Terra West") as trustee for Northern Terrace, recorded a Notice of Claim of Delinquent Assessment Lien against the Property for $960.43. (Notice of Claim of Delinquent Assessment Lien, Ex. C to Answer). On March 5, 2012, Terra West recorded a Notice of Default and Election to Sell, warning that Northern Terrace would foreclose on its lien unless the assessment payments were brought up to date. (Notice of Default, Ex. D to Answer).

      On November 21, 2013, Terra West recorded a Notice of Foreclosure Sale, which indicated that the total amount of the unpaid balance owed to Northern Terrace was $7,892.24. (Notice of Foreclosure Sale, Ex. G to Answer). On December 19, 2013, Plaintiff Eagle Investors ("Plaintiff") purchased the property at a trustee's sale for $18,000. (Trustee's Deed Upon Sale, Ex. H to Answer).

      Plaintiff filed the Complaint in Clark County District Court on January 6, 2014, setting forth claims for quiet title and injunctive relief against Defendants BANA, National Default Servicing Corporation, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Francis Caso. (ECF No. 1-2). Defendants removed the case on January 23, 2014, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1). On June 1, 2015, Defendants BANA and MERS filed an Answer to the Complaint, which also purported to set forth cross-claims against Northern Terrace and Terra West. (ECF No. 59).

## II. DISCUSSION

      In the instant Motion, Northern Terrace argues, *inter alia*, that BANA's cross-claims should be dismissed because Northern Terrace and Terra West are not "co-parties" to BANA. (ECF No. 67). Indeed, Federal Rule of Civil Procedure 13(g), which governs cross-claims, provides, "A pleading may state as a crossclaim any claim by one party *against a coparty* if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . ." (emphasis added).

In this case, Northern Terrace and Terra West had not been named as parties in any capacity at the time BANA filed its cross-claims. It is well established that a cross-claim cannot be asserted against a non-party. *E.g.*, *Luyster v. Textron, Inc.*, 266 F.R.D. 54, 57 (S.D.N.Y. 2010) ("It seems clear that a coparty against whom a party can cross-claim is neither a non-party nor a party it formally opposes (*i.e.*, a party on the opposite side of the action)."); *Swartz v. DiCarlo*, No. 1:12-CV-3112, 2014 WL 6617259, at *2 (N.D. Ohio Nov. 21, 2014) ("Di Carlo's 'cross-claims' do not fit within a pleading under Rule 7. Komarjanski is not a coparty under Fed. R. Civ. P. 13(g) because he was not named as a Defendant by the Plaintiffs."); *United States v. Fong*, No. 2:08-CV-82, 2008 WL 4545330, at *3 (N.D. Ind. Oct. 10, 2008) ("Federal Rule of Civil Procedure 13(g) does not authorize the assertion of cross claims against strangers to the litigation . . . ."); *see also Wake v. United States*, 89 F.3d 53, 62-63 (2d Cir. 1996) ("Since all claims against the federal defendants had been dismissed at the time Norwich filed its motion, they were no longer parties and Norwich therefore could not assert a cross-claim against them.").[2]

Because Northern Terrace and Terra West were not BANA's co-parties, BANA's assertion of cross-claims against them was procedurally improper. The cross-claims will therefore be dismissed without prejudice. However, the Court will grant leave for BANA to amend its filing and re-assert these claims in accordance with the Federal Rules of Civil Procedure.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Northern Terrace's Motion to Dismiss, (ECF No. 67), is **GRANTED**.

---

[2] BANA cites *Danner v. Himmelfarb*, 858 F.2d 515, 517 (9th Cir. 1988), to support the assertion that a cross-claim may properly be asserted against a non-party. Though it appears a defendant in *Danner* successfully asserted a cross-claim against a non-party, the procedural propriety of the cross-claims was not addressed by the Ninth Circuit. Thus, it appears that no arguments regarding the improper classification of these "cross-claims" were raised on appeal, and any objections to that effect were therefore waived.

**IT IS FURTHER ORDERED** that the cross-claims asserted by BANA and MERS against Northern Terrace and Terra West **are DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that BANA and MERS shall have until March 9, 2016, to amend their claims against Northern Terrace and Terra West to comply with the Federal Rules of Civil Procedure.

**DATED** this __22__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge