UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Eagle Investors, | ) | |
| | ) | |
|         Plaintiff, | ) | Case No.: 2:14-cv-0123-GMN-NJK |
|   vs. | ) | |
| | ) | **ORDER** |
| Bank of America, N.A., *et al.*, | ) | |
| | ) | |
|         Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before the Court is the case of *Eagle Investors v. Bank of America, N.A.* (14-cv-0123-GMN-NJK). After reviewing the pending Motions in this matter, (ECF Nos. 82, 84, 87), the Court finds it necessary to certify the following potentially dispositive question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

**I. BACKGROUND**

In October 2006, Meritage Homes of Nevada, Inc., recorded a Supplemental Declaration of Covenants, Conditions & Restrictions and Reservation of Easements for Northern Terrace ("the Declaration") including provisions organizing a homeowner association ("Northern Terrace HOA") pursuant to Chapter 116 of Nevada Revised Statutes. *See* (Ex. A to RJN, ECF No. 6-1). The property at issue in this case is subject to the terms of the Declaration,[1] and is located at 10404 Bays Mountain Avenue, Las Vegas, Nevada, 89166, APN #: 126-13-514-031.

---

[1] The Declaration was recorded in Clark County as Book and Instrument No. 20061030-0004254. (*Id.*).

1  (Compl., ¶1, Ex. 3 to Notice of Removal, ECF No. 1-2).  In June 2008, Francis Caso bought the
2  property with a mortgage loan secured by a Deed of Trust.[2] (Compl. ¶¶ 16, 19).

3  Later, Mr. Caso failed to pay the assessments due under the Declaration, and Northern
4  Terrace HOA recorded a lien for the delinquent amounts. *See* (Notice of Claim of Delinquent
5  Assessment Lien, Ex. C to RJN, ECF No. 6-3).  Specifically, on June 10, 2011, Terra West
6  Collections Group, LLC, d/b/a Assessment Management Services ("Assessment Management
7  Services"), as agent for Northern Terrace HOA, recorded a Notice of Delinquent Assessment
8  Lien as Book and Instrument No. 20110610-0001426. (Ex. C to RJN, ECF No. 6-3).  On March
9  5, 2012, Assessment Management Services, as agent for Northern Terrace HOA, recorded a
10 Notice of Default and Election to Sell Under Homeowners Association Lien as Book and
11 Instrument No. 20120305-0000428. (Ex. E to RJN, ECF No. 6-5).

12 On September 16, 2013, National Default Servicing Corporation, as Trustee for Bank of
13 America, N.A. ("Bank of America"), recorded a Notice of Default and Election to Sell Under
14 Deed of Trust as Book and Instrument No. 20130916-0001011. (Ex. G to RJN, ECF No. 6-7).

15 On November 21, 2013, Assessment Management Services, as agent for Northern
16 Terrace HOA, recorded a Notice of Foreclosure Sale under a delinquent assessment lien
17 pursuant to Chapter 116 of Nevada Revised Statutes, setting forth a sale date of December 19,
18 2013. (Ex. H to RJN, ECF No. 6-8).

19 On December 19, 2013, Assessment Management Services, as agent for Northern
20 Terrace HOA, conducted a foreclosure sale. *See* (Trustee's Deed Upon Sale, Ex. K to RJN,
21 ECF No. 6-11).

22 On December 24, 2013, National Default Servicing Corporation ("NDSC") recorded a
23 Certificate of Mediation for the Deed of Trust, indicating that the beneficiary could proceed

---

[2] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20080613-0003687. (Ex. B to RJN, ECF No. 6-2).

with the foreclosure process. (Ex. I to RJN, ECF No. 6-9).  On the same day, NDSC recorded a Notice of Trustee's Sale under the Deed of Trust, setting forth a sale date of January 17, 2014. (Ex. J to RJN, ECF No. 6-10).

On December 30, 2013, Assessment Management Services, as agent for Northern Terrace HOA, recorded a Trustee's Deed Upon Sale purporting to transfer title to the Property to Eagle Investors, upon a bid of $18,000.00. (Ex. K to RJN, ECF No. 6-11).

On January 6, 2014, Eagle Investors filed its Complaint in state court, naming Bank of America, NDSC, Mr. Caso, and Mortgage Electronic Registration Systems ("MERS") as defendants. (Compl. ¶¶ 15-20).  In its Complaint, Eagle Investors requests, *inter alia*, a declaration from the Court that the December 19, 2013 foreclosure sale extinguished Defendants' interests in the property. (*Id.* ¶ 29).  On January 23, 2014, Bank of America removed the action, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Removal ¶ 4, ECF No. 1).[3]

On March 17, 2014, the Court stayed this case pending a ruling from the Nevada Supreme Court as to whether the interest of a holder of a first deed of trust could be extinguished when a homeowner association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.3116. (Certification and Stay Order, ECF No. 32).  On September 18, 2014, the Nevada Supreme Court ruled that Nev. Rev. Stat. § 116.3116 creates a "true superpriority lien" for nine months of unpaid association assessments, and that a nonjudicial foreclosure of a homeowner association's lien under this section would extinguish any first deed of trust, so long as certain statutory notice requirements are followed. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411-19 (Nev. 2014) (en banc).  However, the

---

[3] On June 1, 2015, Bank of America and MERS filed an Answer to the Complaint, which also purported to set forth crossclaims against Northern Terrace HOA and Asset Management Services.  However, these crossclaims were dismissed without prejudice on February 22, 2016, (Dismissal Order, ECF No. 103), and Bank of America and MERS failed to amend them prior to the deadline set by the Court.  Accordingly, the Court now dismisses these crossclaims with prejudice.

Nevada Supreme Court did not state whether that rule would apply retroactively.

On December 31, 2015, three Motions for Summary Judgment were filed in this case, (ECF Nos. 82, 84, 87), each raising the question of whether Northern Terrace HOA's foreclosure sale, which occurred on December 19, 2013, extinguished Bank of America's interest under the Deed of Trust.

**II. LEGAL STANDARD**

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.** The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
> (1) The questions of law to be answered;
> (2) A statement of all facts relevant to the questions certified;
> (3) The nature of the controversy in which the questions arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and

>   (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(a)-(c).

## III. DISCUSSION

The Court finds that certification to the Nevada Supreme Court is warranted in this case because the pending claims and counterclaims may be resolved by a determination of whether the rule announced in *SFR Investments* applies retroactively. Indeed, as Northern Terrace HOA's foreclosure sale took place prior to the Nevada Supreme Court's ruling in *SFR Investments*, the question of retroactivity could be dispositive of whether Bank of America's Deed of Trust was extinguished by the sale. Another court in this District has recognized, and this Court agrees, that there is no controlling precedent from the Nevada Supreme Court as to the retroactive effect of *SFR Investments*. *See Christiana Trust v. K&P Homes*, No. 2:15-cv-1534-GMN-VCF, 2016 WL 923091, at *2 (D. Nev. Mar. 9, 2016). Accordingly, the Court will certify the following question of law to the Nevada Supreme Court:

>   Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

>   Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)-(3). Eagle Investors is designated as the Appellant, and Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. are

designated as the Respondents. *See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

**Counsel for Appellant Eagle Investors**

    Luis A. Ayon
    Nevada Bar No. 9752
    Email: laa@mgalaw.com

    Margaret E. Schmidt
    Nevada Bar No. 12489
    Email: mes@mgalaw.com

    Maier Gutierrez Ayon
    400 South Seventh Street
    Suite 400
    Las Vegas, NV 89101
    702-629-7900
    Fax: 702-629-7925

**Counsel for Respondents Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.**

    Darren T. Brenner
    Nevada Bar No. 8386
    Email: darren.brenner@akerman.com

    Tenesa S. Scaturro
    Nevada Bar No. 12488
    Email: tenesa.scaturro@akerman.com

    Steven G. Shevorski
    Nevada Bar No. 8256
    Email: steven.shevorski@akerman.com

    Akerman LLP
    1160 Town Center Drive
    Suite 330
    Las Vegas, NV 89144
    702-634-5000
    Fax: 702-380-8572

1  *See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in
2  Plaintiff's Complaint, (ECF No. 1-2), in Bank of America's Request for Judicial Notice, (ECF
3  No. 6), in Bank of America's Motion for Summary Judgment, (ECF No. 87), and in Eagle
4  Investors' Response, (ECF No. 92). *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that the crossclaims asserted by Bank of America and MERS against Northern Terrace HOA and Assessment Management Services are **DISMISSED with prejudice,** and the Motion for Summary Judgment filed by Northern Terrace HOA, (ECF No. 84), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the remaining Motions for Summary Judgment, (ECF Nos. 82, 87), are **DENIED without prejudice**, with permission to re-file within thirty (30) days after the resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning October 3, 2016, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Eagle Investors affirming that all taxes and fees are current and up to date.

**DATED** this __30__ day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court